IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE  DIVISION

ROBERT EDMONDSON,

       Petitioner,

v.                             CASE NO. 1:14-cv-192-WS-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

     This case is before the Court on ECF No. 1, a Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254  (hereafter "Petition") filed by

counsel.  The Petition stems from Petitioner's May 2012 *nolo contendere*

plea to two counts of armed burglary, two counts of grand theft, one count

of fleeing and eluding a law enforcement officer, and one count of escape.

Petitioner is serving a total 20-year sentence.  Respondent filed a

response and an appendix with relevant portions of the state-court record.

ECF No. 10.  Petitioner filed a notice of no reply.  Upon due consideration

of the Petition, the Response, and the state-court record, the undersigned

recommends that the Petition be denied.[1]

_____

     [1] Because the Court may resolve the Petition on the basis of the record, the
Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules
Governing Habeas Corpus Petitions Under Section 2254.

# I. State-Court Proceedings

Petitioner's written plea petition, which he executed under oath, affirms that Petitioner knew the maximum and minimum penalties for his charges, that his trial counsel, George Beckus, had sufficiently explained the State's case against him, and that he had discussed any possible defenses with his lawyer. Petitioner affirmed that he was satisfied with counsel's representation and that he had no concerns about the adequacy of counsel's investigation and preparation of the case. Petitioner affirmed that at his request and with his agreement, his attorney had not fully investigated the case nor talked to all of the witnesses. He agreed that the court could rely on documents in the court file, including the probable cause affidavits, as a factual basis for his pleas. ECF No. 10-1 at 122-26. The plea agreement reflects that State had agreed to the total 20-year sentence that Petitioner ultimately received. *Id*. at 126. Petitioner's counsel affirmed that he had explained the charges and the maximum penalties for each count, and the possible penalties as a result of the plea. *Id*. at 127.

At the beginning of the plea hearing, Petitioner's counsel represented that he had not yet agreed to plea to the armed burglary charges. The

parties discussed that Petitioner faced sentencing as a prison releasee reoffender, for which he faced a mandatory life sentence, and the court ensured that Petitioner was aware of the mandatory life sentence. ECF No. 10-1 at 132-33. The parties also discussed that the sentence for an escape conviction would run consecutive to any other sentence under state law. Petitioner conferred with counsel, and the hearing was recessed so that Petitioner could consult further with counsel. *Id*. at 134-36. After the prosecutor and defense counsel conferred, a bench conference was held during which the state agreed not to appeal the sentence if the court imposed a concurrent sentence for the escape conviction so that Petitioner's total sentence would not exceed 20 years. *Id*. at 138.

After additional consultation with counsel, the plea hearing was reconvened. Petitioner's counsel explained on the record that he had discussed the potential for a PRR sentence at "great length" with Petitioner. Petitioner agreed on the record that he would have qualified for PRR sentencing had his cases proceeded to trial. He affirmed that his decision to enter a plea was made freely and voluntarily, and that he understood the contents of his plea petition and agreement. *Id*. at 145-50.

The State then described the factual basis for each charge. In Case No. 11-CF-4498, Petitioner used an axe to break into the Sunrise Food mart on October 31, 2011, and took more than $300 in merchandise or currency.

In Case No. 11-CF-4716, Petitioner used an axe to break into a BP gas station on November 3, 2011. A Fish and Wildlife Services officer, who was patrolling nearby, heard the break-in. The officer used his lights and siren to attempt to stop Petitioner, but Petitioner fled in a vehicle and a high-speed chase ensured. Petitioner lost control of his vehicle and crashed. In Case No. 2011-CF-5061, Petitioner used an axe to break into the West End Animal Hospital on October 23, 2011. He used the axe to break the register. That case resulted in a criminal mischief charge.

In Case No. 11-CF-5062, Petitioner used an axe to break into a BP gas station on October 31, 2011. He took the register.

Lastly, in Case No. 11-CF-5169, after being taken into custody Petitioner and co-defendants attempted to escape from the Alachua County Jail. The attempt included covering the cell door, breaking through a metal plate on the ceiling, and breaking through wooden particle board above the plate. Petitioner was found while he was attempting to leave the

cell through the ceiling, which caused scratches on his back and arms. Petitioner's counsel stipulated to the factual bases for the charges. *Id*. at 151-54.

The court accepted Petitioner's plea as free and voluntary, and found that there was an adequate factual basis for each case. The court imposed the agreed-to 20-year sentence for the two armed burglary charges that qualified as first degree felonies, and imposed concurrent charges on the other cases. *Id*. at 155-60.

Petitioner did not appeal. He filed, through counsel, a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. ECF No. 10-1 at 188-98 (second amended motion). Petitioner argued that his trial counsel was ineffective for failing to investigate available defenses and failing to discuss defenses with Petitioner prior to the plea. Specifically, Petitioner argued that the evidence in his cases demonstrated that neither of the burglaries charged as first degree felonies was "armed" because video surveillance showed that during the October 31, 2011, burglary Petitioner possessed an axe outside of the structure but did not take it into the structure. Petitioner relied on the Florida statutory definition which provides that burglary is a first-degree felony if, in the course of committing

the offense, the offender "is or becomes armed within the dwelling, structure, or conveyance, with . . . a dangerous weapon." *Id*. at 193 (citing Fla. Stat. § 810.02). Petitioner argued that the video showed he was not armed "within the structure". Petitioner also argued that although an axe was found on the ground after Petitioner wrecked his truck following the November 3, 2011, burglary, the axe was not used in the burglary. With respect to the escape charge, Petitioner argued that he had "nothing to do with the escape attempt," and presented the affidavit of Jessie Studemire verifying that Petitioner was not involved in the escape attempt. Lastly, Petitioner argued that the State could not prove the fleeing and eluding charge. *Id*. at 192-94.

The trial court summarily denied the motion in a written opinion. *Id*. at 202-05. The trial court observed that Petitioner had admitted to the factual basis supporting his plea, and found that the facts alleged in the arrest mittimus and the Information supported the existence of the charged offenses. The court noted that Petitioner failed to raise any factual matter of which he was unaware prior to entering his plea. Further, Petitioner's plea was a "no deposition" plea offer premised on counsel not conducting any additional investigation or discovery. *Id*. at 203-04.

With respect to the armed burglary convictions, the court held that under state law Petitioner could be convicted of armed burglary even if he never entered the structure with the axe that he used to gain entry. *Id*. at 204 (citing *Fipps v. State*, 553 So.2d 382, 383 (Fla. 1st DCA 1989) (affirming armed burglary conviction where "evidence sufficiently showed that the defendant was armed with a dangerous weapon while in flight after commission of the burglary even though he did not possess the weapon at the site of the burglary); *Peoples v. State*, 436 So.2d 972 (Fla. 2d DCA 1983) (proof that burglar was armed in the course of committing the offense is sufficient; it is unnecessary to prove that defendant was armed within the structure because that part of the statute contemplates an unarmed burglar who arms himself once inside); Fla. Stat. § 810.11 (act is committed in the "course of committing" if it occurs in an attempt to commit the offense or in flight after the attempt or commission). *Id*. at 204.

The court found that the evidence was sufficient to support Petitioner's escape conviction notwithstanding the co-defendant's affidavit. The court cited the arrest mittimus, which reflects that Petitioner was found with lacerations on his finger and upper back and blood was found on the ceiling and on the bed used to reach the ceiling in the cell. *Id*. at 204, 246.

The court also relied on the arrest mittimus to find that the evidence was sufficient to support the fleeing and eluding conviction. *Id*. at 205-06, 239-41. The report reflects that the officer who pursued Petitioner after the November 3, 2011, burglary affirmed that he was traveling in excess of the speed limit on Newberry Road at 70-75 mph. *Id*.

The court denied rehearing. *Id*. at 298. The First DCA affirmed *per curiam* without written opinion. *Id*. at 340.

The instant petition, which Respondent concedes is timely, followed. Petitioner asserts that his counsel rendered ineffective assistance for failing to investigate and discuss available defenses before advising him to accept a plea offer. Petitioner contends that the record is devoid of evidence that he possessed an axe "at the time he entered the structures." He asserts that he informed his counsel that he had "nothing to do with the escape" and asked him to talk to Jessie Studemire, but counsel never told him that he did not talk to Mr. Studemire. Lastly, Petitioner argues that there was no evidence that he was driving at a high speed or with wanton disregard for safety, as necessary to support a conviction for fleeing and eluding as a second degree felony. Petitioner contends that but for these errors he would have rejected the plea and gone to trial. ECF No. 1 at 6-7.

## II.  Standard of Review

The AEDPA imposes limitations on the scope of this Court's review. Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"  *Burt v. Titlow, ___ U.S. ___,*  2013 WL 5904117, *4 (2013)(quoting  *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 2013 WL

5904117, *4 (standard for reviewing claims of legal error by state courts is "highly deferential"). This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Id*. This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under *Strickland*—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35 (1976)).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Id*. (quoting *Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011). "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Id*. (quoting *Harrington*, 131 S.Ct.

at 786). "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

By entering a voluntary plea, a defendant waives several rights, including the right to a jury trial, to the assistance of counsel at trial, to raise a defense, and to confront his accusers. *Boykin v. Alabama*, 395 U.S. 563, 573 (1989). Further, a voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea, including claims of ineffective-assistance that do not attack the voluntariness of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

In the guilty plea context, to show prejudice under *Strickland* Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The requirement of a showing of prejudice in the guilty-plea context serves "the fundamental interest in the finality of guilty pleas." *Id*. at 58. The inquiry as to whether a reasonable probability exists that a defendant would have insisted on going to trial "should be made objectively, without regard for the

'idiosyncracies of the particular decisionmaker.'" *Id.* at 60 (quoting *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984)).

### III.  Discussion

Upon careful review of the record, it is apparent that Petitioner has failed to establish that the State court's rejection of his ineffective-assistance claim was so lacking in justification that there was an error beyond any possibility for fairminded disagreement.  *Burt,* ____ *U.S.* ____, 2013 WL 5904117, *4.

First, Petitioner claims that he had a viable defense to the armed burglary charges because there was no evidence that he was armed when he entered the structures on October 31, 2011, and November 3, 2011. The state court rejected this claim because, as a matter of state law, it was unnecessary for the State to prove that he entered the structures with the axe that he used to gain entry.  It was sufficient that he used the axe in the course of committing the offenses.  ECF No. 10-1 at 204.  "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983). Moreover, Petitioner's plea petition affirms, under oath, that there was a factual basis for his plea based on documents in the court file.  The state

court found that the arrest mittimus supported the plea. Specifically, the mittimus for the October 31, 2011, burglary reflects that Petitioner was captured on videotape using an axe to break and pry out the window of the Sunrise Foodmart. ECF No. 10-1 at 236. The mittimus for the November 3, 2011, burglary reflects that the officer heard loud banging noises at the BP gas station. Surveillance video showed Petitioner using the axe to break in. After Petitioner crashed during the subsequent pursuit, the axe was found where he dropped it after taking it out of the vehicle. ECF No. 10-1 at 241. On this record, the state court reasonably determined that Petitioner was not entitled to postconviction relief because he has not shown that counsel performed deficiently regarding the availability of a viable defense to the armed burglary charges. Based on the facts of the case and the state court's interpretation of state law, Petitioner's suggested defense was not viable under state law.

In addition, Petitioner affirmed that he was facing a mandatory life sentence as a PRR if he went to trial on the armed burglary charges. Viewing the record objectively and considering the facts supporting the charges, there is not a reasonable probability that Petitioner would have insisted on going to trial but for counsel's failure to suggest a defense based upon Petitioner not taking the axe into the structures.

Petitioner's assertion that he had a viable defense to the escape charge is refuted by the record. At the plea colloquy, the State proffered, without objection from Petitioner, that jail officers found Petitioner "with scratches on his back and arms from the attempt, *when he was actually leaving the cell and going through the ceiling.*" ECF No. 10-1 at 153 (emphasis added). The arrest mittimus further supports a finding that Petitioner attempted to escape, as evidenced by his injuries and the presence of blood on the cell ceiling and bed. Although Petitioner presented an affidavit to the state postconviction court in which Jason Studemire avers that Petitioner was not involved in the escape attempt, that statement flies in the face of the record before the court during Petitioner's plea. Petitioner acknowledged on the record that he understood the terms of the plea petition, in which he affirmed that there was a factual basis for the plea. ECF No. 10-1 at 148-49. Such solemn declarations carry a strong presumption of verity and the subsequent presentation of conclusory allegations is subject to summary dismissal, as are contentions that in the face of the record lack credibility. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Given the factual record and Petitioner's affirmations during the plea, his postconviction claim lacks

credibility.

Lastly, Petitioner contends that counsel was ineffective for failing to investigate or assert a defense to the fleeing and eluding charge as a second degree felony because there was no evidence of high speed or wanton disregard for safety, as required by state law. This claim is also refuted by the arrest mittimus, which reflects that Petitioner exceeded the speed limit, reaching speeds of 70-75 mph on a city street, jumped a median while making a u-turn, accelerated in an "aggressive manner" and swerved while accelerating, eventually taking a turn too fast and crashing into a stand of trees. ECF No. 10-1 at 241. On these facts, Petitioner has failed to show any error by counsel regarding his advice to plea to the fleeing and eluding charge.

For the foregoing reasons, the Petition should be denied.

## IV. Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court

issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1) should be **DENIED** and a certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 19th day of April 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.